# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

DORDT COLLEGE and
CORNERSTONE UNIVERSITY,

    Plaintiffs,

vs.

SYLVIA M. BURWELL, in her official capacity as Secretary, United States Department of Health and Human Services, *et al.*,

    Defendants.

No. C 13-4100-MWB

**ORDER REGARDING DEFENDANTS' UNOPPOSED MOTION TO STAY THIS COURT'S PROCEEDINGS PENDING APPEAL**

_____

# TABLE OF CONTENTS

*I.   INTRODUCTION ............................................................................. 2*
*II.  PROCEDURAL HISTORY ............................................................. 2*
*III. ANALYSIS ....................................................................................... 2*
*IV.  CONCLUSION ................................................................................ 5*

## I. INTRODUCTION

The defendants' Unopposed Motion To Stay District Court Proceedings Pending Appeal (hereafter Stay Motion) (docket no. 53) is before me. The defendants' Stay Motion requests that I enter an order staying all proceedings in this case pending the appeal of my preliminary injunction order to the Eighth Circuit Court of Appeals. Stay Motion at 1. The defendants' motion notes that the "Plaintiffs' counsel indicated that plaintiffs do not oppose this motion." *Id.*

## II. PROCEDURAL HISTORY

On June 26, 2014, I granted the plaintiffs' motion for a preliminary injunction, (docket no. 46), following which the defendants appealed (docket no. 49). Most recently, I filed an order reserving ruling on the defendants' dispositive motion, and the plaintiffs' claims and requested remedies (docket no. 52). In doing so, I ordered the parties to file supplemental briefs by October 29, 2014, because of a recent United States Supreme Court decision, *Wheaton College v. Burwell*, 134 S.Ct. 2806, 2807 (2014), and the interim final regulations published by the United States Department of Health and Human Services (HHS) that became effective on August 27, 2014. *See Coverage of Certain Preventive Services Under the Affordable Care Act*, 79 Fed. Reg. 51092-01, 51092 (Aug. 27, 2014). My order reserving ruling on the defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, (docket no. 12), "invite[d] the parties to weigh in on the impact of the interim rules issued by the administration, following the United States Supreme Court's interim order in *Wheaton College*, 134 S. Ct. at 2807."

## III. ANALYSIS

"Generally, courts consider the following factors in determining whether to grant a stay: '(1) whether a stay would unduly prejudice or present a clear tactical disadvantage

to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at 3 (S.D. Iowa Aug. 24, 2004) (citation omitted).

First, the plaintiffs have not objected to the defendants' Stay Motion. Additionally, the plaintiffs have not argued that an order staying all the district court proceedings would be prejudicial to their interests in this case or disadvantage the plaintiffs in some way. The parties have oral arguments in St. Louis, Missouri, in December of this year, and thus, the appellate court will soon be deciding the case.

Second, as argued in the defendants' Stay Motion, "the merits of the plaintiffs' religious Freedom Restoration Act claim . . . are likely to be addressed by the Eighth Circuit [Court of Appeals] in adjudicating defendants' appeal of this Court's denial of a preliminary injunction." Stay Motion at 2. If this litigation continued at the district court level, the Eighth Circuit Court of Appeals and I would be considering the same issues contested by the same parties. For example, the issues raised by the arguments in the defendants' dispositive motion, such as the plaintiffs' claims lack merit, are analogous to the issues on appeal because the Eighth Circuit Court of Appeals will decide the question of likelihood of success on the merits when affirming or reversing my preliminary injunction order. Thus, the stay will likely "simplify," if not resolve, "the issues in question." *Middleton, Inc.*, 2004 WL 1968669, at 3 (citation omitted).

Third, in the present case, the litigation began on October 23, 2013 (docket no. 1). The case is not set for trial. While it is true that the parties have spent a considerable amount of time and money on the pending litigation to date, it is not "too far along the road to justify halting the journey while the defendant[s] explore[] an alternate route." *Id.* (quoting *Enprotech Corp. v. Autotech Corp.*, 1990 WL 37217, at 1–2 (N.D. Ill. Mar. 16, 1990)). My decision to stay the proceedings will save the litigants considerable

3

expense because, without a stay, the parties would be required to research, write, and file briefs prior to October 29, 2014, as required by my order requesting additional briefing, dated September 29, 2014 (docket no. 52). The Eighth Circuit Court of Appeals is also likely to resolve most, if not all, of the questions that are currently before me.

The defendants direct me to two cases where district courts have considered similar challenges to those presented by the plaintiffs and "have stayed district court proceedings under similar circumstances."[1] Stay Motion at 2. For example, in *University of Notre Dame v. Burwell*, the plaintiffs brought a claim challenging the same regulatory scheme at issue in this case. There, unlike in the present case, the plaintiff's motion for a preliminary injunction was denied and the plaintiff appealed. No. 3:13-cv-01276 at 1. The district court for the Northern District of Indiana stayed all of the district court's proceedings "during the pendency of the appeal to the Seventh Circuit of the denial of Notre Dame's request for a preliminary injunction." *Id.*

Similarly, in *Diocese of Cheyenne v. Burwell*, the plaintiffs' motion for a preliminary injunction was denied, following which the plaintiffs challenged the court's decision. No. 14-cv-21 at 1. In *Diocese of Cheyenne*, the district court for the District of Wyoming stayed all of the district court's proceedings "pending the Tenth Circuit's adjudication of the Plaintiffs' appeal or upon further order of this Court." *Id.*

---

[1] The defendants cite to "*Diocese of Cheyenne v. Burwell*, No. 14-cv-21 (W.D. Okla., June 2, 2014)," and "*Univ. of Notre Dame v. Burwell*, No. 3:13-cv-01276 (N.D. Ind., Jan. 2, 2014)." Stay Motion at 2. The defendants incorrectly cite to *Diocese of Cheyenne v. Burwell*, which was a case decided by the federal district court for the District of Wyoming, not the Western District of Oklahoma.

## IV. CONCLUSION

Based on the anticipated decision of the Eighth Circuit Court of Appeals and its impact on the resolution of this case, and the plaintiffs' consent to the defendants' Stay Motion, I find that it is in the interests of justice, judicial economy of resources and time, and efficiency for me to stay all of the district court proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Hence, it is ordered that the defendants' Stay Motion is granted. In addition, it is also ordered that this case is stayed pending the Eighth Circuit Court of Appeals's decision of the defendants' appeal of my order granting plaintiffs' preliminary injunction, or upon further order by me. Once the appeal has concluded, the parties shall notify me within 15 days by filing a status report indicating, if, and how, further proceedings should be scheduled in this court.

**IT IS SO ORDERED.**

**DATED** this 27th of October, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA